IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 27, 2006

## STATE OF TENNESSEE v. SHRONE M. HILL

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 252217, 252399, 252569, 252570, & 252571     Stephen M. Bevil, Judge**

---

**No. E2005-02109-CCA-R3-CD - Filed August 11, 2006**

---

The Defendant, Shrone M. Hill, pled guilty to five counts of aggravated burglary, and the trial court sentenced him, as a Range I offender, to an effective sentence of eighteen years in prison. On appeal, the Defendant contends that: (1) the trial court erred when it sentenced him to the maximum of six years for each count; and (2) the trial court erred when it ordered two of the five sentences to run consecutively to each other and consecutively to the three concurrent sentences. Finding that there exists no reversible error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JAMES CURWOOD WITT, JR., JJ., joined.

Stephen M. Goldstein, Chattanooga, Tennessee for the appellant, Shrone M. Hill.

Paul G. Summers, Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William H. Cox III, District Attorney General; and Neal Pinkston, Assistant District Attorney General, for the appellee, State of Tennessee.

**Opinion**
**I. Facts**

The Hamilton County Grand Jury indicted the Defendant on five counts of aggravated burglary and five counts of theft of property. Pursuant to a plea agreement, the Defendant pled guilty to the five counts of aggravated burglary, and the five counts of theft of property were dismissed. The State and the Defendant did not reach an agreement as to sentencing. At the sentencing hearing, Jim Osterhout, the Defendant's probation officer, testified that he is employed with the Board of Probation and Parole and that he prepared the Defendant's presentence report. He testified that the Defendant had previous criminal convictions as both an adult and a juvenile. Osterhout testified that, as an adult, the Defendant was convicted, in the Hamilton County Criminal Court, of aggravated burglary and theft of property. For those crimes, the Defendant was given an effective

three-year suspended sentence and was placed on supervised probation. This sentence was to run concurrently with a suspended sentence of eleven months twenty-nine days for a misdemeanor conviction of unauthorized use of a vehicle. The sentences for aggravated burglary, theft, and unauthorized use of a vehicle were later revoked, and he was ordered to serve the balance of the sentence. Osterhout testified that the Defendant was on probation for the aggravated burglary and theft conviction when he was arrested for the charges in this case. Osterhout testified that the Defendant also had a theft conviction in the Hamilton County General Sessions Court in 2003, for which he received a sentence of eleven months, twenty-nine days that was suspended after six months. On October 6, 2004, the Defendant's probation for the theft conviction was also revoked.

Osterhout testified that the Defendant had a previous criminal record as a juvenile. Specifically, Osterhout noted that the Defendant was arrested for aggravated assault and removed from his home for truancy and "not getting along with his mother." The Defendant appeared in juvenile court thirteen times as a runaway, although all of these cases were dismissed, and he was charged with aggravated burglary and theft of property, although these cases were dismissed. Osterhout testified that the Defendant was unemployed. He testified that the Defendant began using alcohol at the age of twelve and that the Defendant informed him that he was not under the influence of alcohol or drugs at the time of the burglaries. Osterhout testified that, based on his investigation, he found the following three enhancement factors for sentencing, which he included in the presentence report: (1) the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; (2) the Defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community; and (3) the felony was committed while the Defendant was under supervised probation by the State from a prior felony conviction. Osterhout testified that his investigation revealed no mitigating factors.

On cross-examination, Osterhout testified that, although he knew the Defendant was charged with aggravated assault as a juvenile, he could not determine from the record if the charge was dismissed. He said nothing in the record indicated that the Defendant had any mental illness other than hyperactivity. He said that he was unaware of whether the Defendant was in an automobile accident around the age of twelve that left the Defendant in a coma and possibly resulted in brain damage. Osterhout testified that he did not go through all of the Defendant's reports and did not believe it necessary to do so because: the Defendant was not under any medication; the Defendant did not tell him that he was involved in an automobile accident; and neither the Defendant nor the Defendant's aunt told him that he might have brain damage.

The Defendant did not testify at the sentencing hearing.

According to the presentence report, the five burglaries in this case took place on five different nights in September of 2004. All five victims were asked to submit victim impact statements, but only one victim filed a statement. The statement outlined the impact on the victim's family, especially her sixteen year-old son who was inside the house at the time of the burglary, locked in his bedroom. She stated that her son could not call the police because the burglars cut their

phone lines. She said that her son was not under psychological treatment, but he and the rest of family were all "pretty [shaken] up" by the incident.

The trial court, in sentencing the Defendant, stated:

I've looked over the investigative report and considered the circumstances in the case and the purposes for sentencing under the law in the State of Tennessee, both enhancement factors and mitigating factors. I don't find that there are mitigating factors. I do find, as was listed in the [presentence report], that under [Tennessee Code Annotated section] 40-35-114, . . . I do find the following enhancement factors:

[Enhancement factor] [t]wo, the [D]efendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.

[Enhancement factor] . . . nine, the [D]efendant has a previous history of unwillingness to comply with the conditions of [a] sentence involving release in the community, as indicated by the fact that on at least two different occasions in [General] Sessions Court he was placed on probation and he violated the conditions of probation, and then he was placed on probation in criminal court and he violated the conditions of probation. So this shows an unwillingness to comply with the conditions of release in the community.

And then [enhancement factor] . . . fourteen, that the felony was committed while the [D]efendant was under supervised probation from a prior felony conviction, which was aggravated burglary.

I find that even though there are a number of felony convictions now, prior to the day he pled to these charges, I think I have to look at them as basically one conviction, although they're separate convictions, but one conviction as far as the range of sentence is concerned, that he only has one prior felony conviction, up until the day he pled. So I do find that he's a Range I offender.

As far as sentencing, I do find that less restrictive means other than incarceration or some other alternative sentence has been applied in the past without success, so I feel like that incarceration is necessary in these cases.

I do find that there aren't any mitigating factors, and I do find that there are enhancement factors, so I am going to sentence the [D]efendant–and based on the facts, too, it's hard to imagine what was going through this young man's mind when he was basically trapped upstairs in his own home while people are downstairs, or at least one person in particular, this [D]efendant, is downstairs burglarizing his home. It's just hard to imagine what must have been going through that young man's mind

at that time and it's one of those things he should never have had to gone through.

The fact [the Defendant] has been committing burglaries and thefts since he was a juvenile, he was punished as a juvenile, and when he became an adult he continued committing burglaries and thefts and he was placed on probation, and then after that he continues committing burglaries and theft, there are five aggravated burglary cases before the Court, sentence the [D]efendant to six years in each case, which is the maximum sentence. I think based on all the facts I have before me and all the information, I think that is the appropriate sentence in these cases.

Also, I do find that the [D]efendant, for purposes of [Tennessee Code Annotated section] 40-35-115, the [D]efendant was on probation for a similar offense at the time of commission of these offenses.

I'm going to order that sentences number 252569, 252570, 252217 . . . run concurrent[ly]. I'll order that sentence number 252571 run consecutive[ly] to those. And 252399 run consecutive[ly] to 252571, which basically is a total of an 18-year sentence at 30 percent, and order he serve those sentences. . . .

It is from this order that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant contends: (1) the trial court erred by sentencing the Defendant to six years for each count, the maximum for a Range I offender; and (2) the trial court erred by ordering that two of the five sentences run consecutively to each other and consecutively to the three concurrent sentences for an effective sentence of eighteen years. When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2003). This presumption is "'conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances.'" State v. Ross, 49 S.W.3d 833, 847 (Tenn. 2001) (quoting State v. Pettus, 986 S.W.2d 540, 543 (Tenn. 1999)); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Dean, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). In conducting a de novo review of a sentence, we must consider: (a) any evidence received at the trial and/or sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel relative to sentencing alternatives; (e) the nature and characteristics of the offense; (f) any mitigating or enhancement factors; (g) any statements made by the defendant on his or her own behalf; and (h)

the defendant's potential or lack of potential for rehabilitation or treatment. See Tenn. Code Ann. § 40-35-210 (2003); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging a sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In the case under submission, we conclude that there is ample evidence that the trial court considered the sentencing principles and all relevant facts and circumstances. Therefore, we review its decision de novo with a presumption of correctness. Accordingly, so long as the trial court complied with the purposes and procedures of the 1989 Sentencing Act and its findings are supported by the factual record, this Court may not disturb this sentence even if we would have preferred a different result. See Tenn. Code Ann. § 40-35-210 (2003), Sentencing Comm'n Cmts.; State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). We note that the defendant bears the burden of showing that the sentence is improper. Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; Ashby, 823 S.W.2d at 169.

## A. Length of Sentence

On appeal, the Defendant contends that the trial court erred by sentencing the Defendant to six years for each count, the maximum for a Range I offender. He contests both the applicability of the enhancement factors and the weight afforded them by the trial court. The Defendant further contends that the trial court did not give adequate consideration to alternative sentencing.

The sentence range for a Range I offender for a Class C felony is not less than three years or more than six years. Tenn. Code Ann. § 40-35-112(a)(3) (2003). A defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303(a) (2003). A defendant who is an especially mitigated or standard offender convicted of a Class C, D, or E felony should be considered a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (2003). However, even if a defendant is considered to be a favorable candidate for alternative sentencing, a sentence of confinement may be appropriate if a court finds that, among other things, "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(c) (2003).

In the case under submission, the evidence does not preponderate against the findings of the trial court. The record in this case establishes that: the Defendant had one prior felony conviction, an aggravated burglary, and two previous misdemeanors in addition to a history of offenses as a juvenile. The Defendant had a previous history of unwillingness to comply with the conditions of a sentence involving release in the community as indicated by his multiple probation violations. The Defendant was on probation for an aggravated burglary offense at the time of this offense. The Defendant does not claim that the trial court erred by not applying mitigating factors. The trial court did not abuse its discretion by applying enhancement factors to sentence the Defendant to six years for each count.

The trial court gave adequate consideration to alternative sentencing and found that Tennessee Code Annotated section 40-35-103(1)(c) applied. In sentencing the Defendant, the trial court stated, "As far as sentencing, I do find that less restrictive means other than incarceration or some other alternative sentence has been applied in the past without success, so I feel like . . . incarceration is necessary in these cases." The Defendant is not entitled to relief on this issue.

Further, the Defendant claims that the trial court inappropriately applied the "serious bodily injury" enhancement factor. See Tenn. Code Ann. § 40-35-114(12). However, the Defendant does not specify what the trial court did to indicate that it was applying such a factor, and we do not believe the record shows such an application. Therefore, the Defendant is not entitled to relief on this issue.

## B. Consecutive Sentences

The Defendant claims that the trial court erred by ordering two of the five sentences to run consecutively to each other and consecutively to the three concurrent sentences for an effective sentence of eighteen years. Pursuant to Tennessee Code Annotated section 40-35-115(a) (2003), if a defendant is convicted of more than one criminal offense, the court shall order the sentences to run either consecutively or concurrently. The trial court may order sentences to run consecutively if the trial court finds by a preponderance of the evidence that one or more of the criteria enumerated in Tennessee Code Annotated section 40-35-115(b) applies. State v. Robinson, 146 S.W.3d 469, 524 (Tenn. 2004). One of those criteria is that a defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. § 40-35-115(b)(6). In addition to the criteria in Tennessee Code Annotated section 40-35-115(b), consecutive sentencing is guided by the general sentencing principles providing that the length of a sentence be "justly deserved in relation to the seriousness of the offense" and "no greater than that deserved for the offense committed." Tenn. Code Ann. §§ 40-35-102(1) and -103(2) (2003); State v. Imfeld, 70 S.W.3d 698, 708 (Tenn. 2002).

After reviewing the record, we conclude that the evidence does not preponderate against the trial court's finding that two of the Defendant's five sentences should run consecutively to each other and consecutively to the three concurrent sentences for an effective sentence of eighteen years. The trial court correctly found that the Defendant committed these offenses while he was on probation. The Defendant's pre-sentence report and the testimony at the Defendant's sentencing hearing indicated that the Defendant was on probation for aggravated burglary and theft of property at the time of the burglaries. The Defendant is not entitled to relief on this issue.

## III. Conclusion

In accordance with the foregoing reasoning and authorities, we affirm the judgments of the trial court.

_____

ROBERT W. WEDEMEYER, JUDGE